IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 5, 2002 Session

## ARTHUR STIGALL v. BRONSON M. LYLE, ET AL.

**Appeal from the Chancery Court for Houston County**
**No. 5-365    Leonard W. Martin, Judge**

_____

**No. M2001-00803-COA-R3-CV - Filed February 4, 2003**

_____

The plaintiff filed this action in the Chancery Court of Houston County seeking to quiet title to a parcel of property located there.  The court granted the defendants' Tenn. R. Civ. P. 12.02 motion to dismiss the plaintiff's complaint, and imposed sanctions pursuant to Tenn. R. Civ. P. 11. Although the appellant raises legitimate issues as to the grounds cited for dismissing the complaint, we nevertheless affirm, finding that the complaint conclusively shows that the plaintiff has no colorable title to the subject property.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and JOHN H. GASAWAY, III, SP. J., joined.

Arthur Stigall, Sacramento, California, Pro Se.

Charles N. Griffith, Waverly, Tennessee, for the appellees, Bronson Lyle, Christina R. Lyle, and Genie V. Dixon.

David B. Herbert and Julie Bhattacharya Peak, Nashville, Tennessee, for the appellee, Robert Martin, Dorothy Martin, Jeffery J. Garland, and Misty L. Garland.

# OPINION

## I.

The following facts are based on the complaint and the exhibits attached to it:

M.B. Edwards owned a 100 acre tract of land in Houston County. Beginning in 1982, the Internal Revenue Service assessed Mr. Edwards with a substantial amount of back taxes. On May 28, 1983, Mr. Edwards conveyed the Houston County property to the M.B. Edwards Trust located at 5792 Montclair Avenue, Marysville, California.

In July of 1995, the IRS filed notice of a federal tax lien in the Register's Office of Houston County, claiming a lien on the property of "The M.B. Edwards Trust, Individually & Collectively as Nominee, Alter Ego or Transferee of Marvin B. Edwards." On August 31, 1995, the IRS levied on all of Mr. Edwards' property, including the Trust property, and gave notice that the Houston County property would be sold by sealed bids, to be opened on October 30, 1995. Bronson Lyle was the successful bidder and, on May 8, 1996, the Kentucky-Tennessee District Director of the Internal Revenue Service quitclaimed the property to Mr. Lyle. Some of the property has subsequently been conveyed to the other defendants in this case. The Trust took no action on its own to contest the sale of its property or to have the sale set aside.

Later in 1996, Mr. Edwards filed suit in the United States District Court for the Eastern District of California against the United States and Mr. Lyle seeking to set aside the sale and have the property restored to the M.B. Edwards Trust. The district court granted summary judgment to the United States, finding that Mr. Edwards individually did not have standing to prosecute the action, since he did not claim any interest in the property. The Ninth Circuit affirmed the dismissal on October 27, 1997.

On February 8, 2000, two trustees of the M.B. Edwards Trust executed a deed conveying the Houston County property to the plaintiff. One of the trustees had appeared as Mr. Edwards' lawyer in 1999, in connection with the IRS proceedings. The plaintiff registered the deed in Houston County on October 20, 2000 and filed this action to quiet title on the same day. The complaint describes a host of failures by the IRS to comply with the statutes and regulations that govern the IRS's power to seize property and to sell it for satisfaction of a tax lien. But the entire complaint is based on the allegations that the property was owned by the Trust and not by the delinquent taxpayer, and that the plaintiff was the successor in title. The plaintiff also filed a notice of a lis pendens lien in the Houston County Register's Office.

## II.
### THE PROCEEDINGS IN THE TRIAL COURT

All the defendants filed motions to dismiss on multiple grounds. The chancellor granted motions based on the grounds of res judicata and statute of limitations. On appeal, the plaintiff

correctly points out that the prior federal cases did not decide the issue of title to the property. Therefore, he asserts that the decisions in those cases are not a bar to his claim of title. We agree with the plaintiff on that issue. The doctrine of res judicata has been described in the following manner:

> "Res judicata may be successfully pleaded when a judgment on the merits exhausts or extinguishes the cause of action on which it was based, and is an absolute bar to a subsequent suit between the same parties upon the same cause of action, and concludes such parties and their privies not only as to all matters that were actually put in issue and determined, but also as to all matters which might have been put in issue and determined."

*National Cordova Corp. v. City of Memphis*, 380 S.W.2d 793, 796 (Tenn. 1964). Not only did the federal court fail to reach the question of title, its essential holding was that Mr. Edwards lacked the standing to ever raise that issue. Therefore, the decision in that case is not a bar to the plaintiff's claim here. *See Goeke v. Woods*, 777 S.W.2d 347 (Tenn. 1989).

As to the statute of limitations defense, the defendants insist that the record clearly shows a failure to take any timely action to contest the IRS's seizure of the property or to redeem it once it had been sold. *See* 26 U.S.C. 6532 and 26 U.S.C. 7426 (providing a nine-month window for a party other than the taxpayer to challenge a wrongful levy.) We agree that nothing was done by the Trust during the nine-month period after the levy. But reading the complaint in the light most favorable to the plaintiff, as we must do when the complaint is tested by a Rule 12.02(6) motion, *Harvey v. Ford Motor Credit Co.*, 8 S.W.3d 273 (Tenn. Ct. App. 1999), we think the gravamen of the complaint is that, for the manifold transgressions of the IRS, the quitclaim deed to the Lyles was void. Therefore, no party was required to take any action with respect to it. While that view of the complaint may be over generous, we think that granting the motion to dismiss on the grounds of the statute of limitations was premature.

### III.
### THE PLAINTIFF'S TITLE

The defendants also raised the defense that the face of the complaint showed that the plaintiff's deed was void. Although the chancellor did not rule on that defense, we think the defense is well taken and the complaint must be dismissed to prevent needless litigation, and to prevent prejudice to the judicial process. *See* Tenn. R. App. P. 13(b); *Panzer v. King*, 743 S.W.2d 612 (Tenn. 1988).

From ancient times the law would not allow the sale of a pretended title in lands. Our current laws respecting champertous contracts can be traced at least as far back as 32 Henry VIII c. 9. *Robertson & Hobbs v. Cayard*, 111 Tenn. 356, 363 (1903). These laws are now embodied in two statutes, Tenn. Code Ann. § 66-4-201 and 202. They provide:

**66-4-201. Champertous sales of pretended interest prohibited. –** No person shall agree to buy, or to bargain or sell any pretended right or title in lands or tenements, or any interest in such pretended right or title.

**66-4-202. Sale without possession. –** Any such agreement, bargain, sale, promise, covenant or grant shall be utterly void where the seller has not personally, or by the seller's agent or tenant, or the seller's ancestor, been in actual possession of the lands or tenements, or of the reversion or remainder, or taken the rents or profits for one (1) whole year next before the sale.

When the facts are disclosed showing the application of these statutes, any suit at law or equity for the recovery of the lands affected, "shall be forthwith dismissed, with costs." Tenn. Code Ann. § 66-4-203. Bona fide sales by a non-resident are not affected, but if the lands are adversely held at the time of the sale "by deed, demise, or inheritance" the sale is not bona fide. Tenn. Code Ann. § 66-4-204. "The uniform construction of the Act . . . has been, that a sale by one out of possession, of land adversely held, is void. It is immaterial whether the vendors title be valid or invalid." *Kincaid v. Meadows*, 40 Tenn. 188 at 192 (1859).

The facts alleged in the complaint show that this case falls squarely within the application of the statutes. The plaintiff received a deed from a grantor who was not in possession of the property described in the deed and who knew that the property had been conveyed to third parties by the IRS deed. The third parties were in actual possession of the property under their deeds. Therefore, the plaintiff's deed was utterly void.

## IV.
### RULE 11 SANCTIONS

Tenn. R. Civ. P. 11.02 provides:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3)     the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)     the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

For a violation of this rule the court is authorized to impose sanctions which may include attorneys' fees and other expenses. Rule 11.03(2). The trial judge made the following findings:

1.     The plaintiff, Arthur Stigall, is a citizen in the State of California. He is attempting to litigate his cause *pro se* without local appearance in Court by using the mails or by telephone. Since the prior hearing of December 12, 2000, plaintiff has filed further voluminous pleadings and attempted to speak personally with the Court *ex parte* by telephone which the Court finds is inappropriate. The Court has declined to speak with the plaintiff and stated that the plaintiff must observe and abide by the Tennessee Rules of Civil Procedure and applicable statutes.

2.     The Court finds the claims of lien filed against all defendants by plaintiff were unwarranted, unreasonable and extremely disruptive to their business and personal financial affairs. This disruption continues as long as this case continues. However, the Court cannot allow citizens of this state to have their lives placed in turmoil endlessly by a person residing in another state merely filing paper writings without substance or merit. The Court, therefore, deems that it must have some method to deal with these circumstances. The Court finds that certain sanctions pursuant to Tennessee Rules of Civil Procedure 11 must be entered.

3.     The Court finds that it wishes to establish the least onerous sanctions which will protect these defendants from further undue costs and stress of continuous litigation which may be unmeritorious and unreasonable causing additional aggravation, expenses and concern to the defendants.

Among other sanctions, the court ordered the plaintiff to pay a total of $6,250 in attorneys' fees to the defendants. Although the plaintiff contests the award on other grounds, he does not dispute the findings on which the award was based.

This court reviews the trial court's decision to impose sanctions under an abuse of discretion standard, *Andrews v. Bible*, 812 S.W.2d 284 (Tenn. 1991), and the trial judge's decision is entitled to great weight on appeal. *Krug v. Krug*, 838 S.W.2d 197 (Tenn. Ct. App. 1992).

Although pro se litigants are nearly always accorded more leniency than trained attorneys, they are not excused from compliance with our rules of procedure. *Kaylor v. Bradley*, 912 S.W.2d 728 (Tenn. Ct. App. 1995). We believe that under the circumstances of this case the sanctions

-5-

imposed by the trial judge were warranted. Using a champertous deed to set up and file a lis pendens lien on the defendants' property and then filing an avalanche of motions and other pleadings exhibits the type of recklessness that Rule 11 is designed to redress.

## V.

The defendants also seek damages for a frivolous appeal. *See* Tenn. Code Ann. § 27-1-122. We decline to hold that the appeal is frivolous and, therefore, deny the defendants' request.

The judgment of the trial court is affirmed. The cause is remanded to the Chancery Court of Houston County for any further proceedings necessary. Tax the costs on appeal to the appellant, Arthur Stigall.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S