IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS[1]
February 19, 2009 Session

## FAYE BLACK
v.
## CITY OF MEMPHIS

**Appeal from the Circuit Court for Shelby County**
**No. 52438 TD     Rita L. Stotts, Judge**

---

**No. W2007-02562-COA-R3-CV - Filed August 13, 2009**

---

This is a wrongful death case against a municipality. In 1987, the plaintiff's teenage son was shot and killed by a police officer. The plaintiff sued the officer and the municipality, asserting claims under both federal and state law. Years of proceedings and delay ensued. By 2005, the only remaining claims were state law claims against the municipality. The parties filed cross-motions for summary judgment. The trial court granted summary judgment in favor of the plaintiff. The plaintiff then filed a motion for entry of judgment in the amount of $130,000, the maximum damage award under the Tennessee Governmental Tort Liability Act. The plaintiff filed separate motions for interest and costs. The municipality stipulated that if the court entered a judgment it should be in the amount of $130,000, but argued that the plaintiff was prohibited from recovering interest or costs in addition to the $130,000 judgment because such an award would exceed the statutory damage cap. The plaintiff argued that the municipality's misconduct prolonged the case and drove up costs, and that the court had authority to award costs in order to sanction the municipality for this misconduct. The trial court entered a judgment for the plaintiff in the amount of $130,000, but denied the plaintiff's motions for interest and costs, finding that the Governmental Tort Liability Act precluded an award of discretionary costs in excess of the statutory cap on damages, and did not award sanctions. The plaintiff appeals, arguing that the court has authority to award sanctions in excess of the statutory damage cap. We affirm, finding that the trial court's order does not indicate a finding that sanctions against the municipality were warranted.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Ernest L. Jarrett, Detroit, Michigan, and Mitzi H. Spell, Memphis, Tennessee, for the Plaintiff/Appellant Faye Black

---

[1] Oral argument was heard in this case before law students at the University of Memphis Cecil C. Humphreys School of Law.

Henry L. Klein, Memphis, Tennessee, for the Defendant/Appellee City of Memphis

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

On December 31, 1987, Plaintiff/Appellant Faye Black ("Ms. Black") was employed as the resident manager of the Palomino Motel on Summer Avenue in Memphis, Tennessee. As such, she lived at the motel with her sixteen-year-old son, Marcus Norris. On that day, young Marcus was in the breezeway of the motel with a BB gun, shooting at discarded soda cans.

Apparently a person standing at a bus stop near the motel saw Marcus and reported to the Memphis Police Department that there was a "man with a gun" on the motel grounds. Memphis police officer John Dolan was dispatched to the Palomino Motel to investigate.

Ms. Black, in the motel office, noticed Officer Dolan in his police car in the motel parking lot, observing her son Marcus, so she came out of the office. Officer Dolan emerged from his vehicle with his police weapon and called out to Marcus to come out of the breezeway, throw down his weapon, and raise his hands. What happened next was in dispute for many years. Ms. Black said that she yelled to the officer that the boy was her son and the gun was a toy, and she maintained that Marcus threw down the BB gun and raised his hands, as he had been directed to do. Officer Dolan contended that Marcus did not throw down the BB gun, but instead pointed it in the officer's direction. Officer Dolan shot Marcus, and Marcus later died from his wounds.

This prompted years of litigation in several courts, criminal and civil, state and federal. Officer Dolan was tried in the Shelby County Criminal Court on charges arising out of the shooting and was acquitted. After the criminal trial, Ms. Black filed suit against Officer Dolan and the City of Memphis ("the City") in Shelby County Circuit Court, asserting both federal law and state law claims.

Because Officer Dolan and the City both maintained that Officer Dolan shot Marcus in self-defense, this necessitated that the Plaintiff secure testimony from various experts on, *inter alia*, proper law enforcement practices and whether the incident could have occurred in the manner described by Officer Dolan. The physical evidence included the shotgun fired by Officer Dolan, the recovered shotgun pellets and shells, the clothing that Marcus was wearing when he was shot, and a board from the Palomino Motel that had some of the spray pattern from Officer Dolan's shotgun. The physical evidence was in the possession of the City and was reportedly subject to a court order requiring that it be retained. At some point during the pendency of the proceedings, the physical evidence was discarded or destroyed; the City claimed that this occurred by accident or oversight. Although the appellate record does not include the order of the trial judge at that time, Judge Robert L. "Butch" Childers, Judge Childers apparently believed the City's explanation for the destruction of the physical evidence. At any rate, the loss of the physical evidence resulted in considerable delay and complications, as well as additional expense, as Ms. Black sought alternate ways to prove her case. Ms. Black later nonsuited her claims against the City, pursuant to an agreement with the City. She continued to press forward in her civil lawsuit against Officer Dolan. In October 1992, the jury

in the civil lawsuit returned a verdict against Officer Dolan, and on November 4, 1992, a judgment was entered on the verdict, awarding Ms. Black $495,000 in compensatory damages for her federal law claims and $420,000 for her state law claims.

In light of the award against Officer Dolan, on March 12, 1993, Ms. Black re-filed her lawsuit against the City, again asserting claims based on federal and state law. Shortly thereafter, on April 8, 1993, the City removed the case to the United States District Court for the Western District of Tennessee. The City maintained that Officer Dolan fired in apparent self-defense, and that the shooting was legally justifiable. Voluminous discovery ensued, with a plethora of disputes over documents and discovery expenses. In the interim, two of Ms. Black's expert witnesses died.

In 1998, the federal district court dismissed Ms. Black's state law claims and granted the City's motion for summary judgment as to the federal law claims. Ms. Black appealed, and in May 2000, the United States Court of Appeals for the Sixth Circuit affirmed the district court's grant of summary judgment as to the federal law claims, but reversed the dismissal of the state law claims. *See Black v. City of Memphis*, No. 98-6508, 2000 WL 687683 (6th Cir. May 19, 2000). The case was eventually remanded to the Shelby County Circuit Court.

On June 29, 2005, Ms. Black filed a motion for default judgment or in the alternative for summary judgment. On July 7, 2005, the City filed a motion to dismiss or in the alternative for summary judgment. Apparently, at this point, the City's position changed; instead of claiming that Officer Dolan shot Marcus in self-defense, it asserted that, under Ms. Black's version of the facts, Officer Dolan's actions amounted to an intentional tort, for which the City was not liable. On August 8 and 9, 2005, the trial court heard oral arguments on the pending motions, at which time the court denied Ms. Black's motion for a default judgment and the City's motion to dismiss. On April 13, 2007, the trial court filed a memorandum opinion, denying the City's motion for summary judgment and granting summary judgment in favor of Ms. Black.

Ms. Black then filed motions for entry of judgment, for taxation of interest, and for taxation of costs. Ms. Black sought a judgment in the amount of $130,000, the maximum damage award that can be recovered against a governmental entity such as the City under the Tennessee Governmental Tort Liability Act ("GTLA").[2] Ms. Black also sought interest from the original filing date of the lawsuit, costs totaling $188,696.76, and travel expenses totaling $1,060.75. In response, the City stipulated that, if the court entered a judgment it should be in the amount of $130,000. It argued, however, that Ms. Black was prohibited from recovering either interest or costs because this would cause the total award to exceed the GTLA's damage cap. The trial court entered a judgment for Ms. Black in the amount of $130,000 on May 11, 2007. It took the motions for taxation of interest and costs under advisement.

On July 10, 2007, the trial court held a hearing to address Ms. Black's motions for taxation of interest and costs. At the hearing, Ms. Black argued that the City engaged in misconduct that

---

[2] The $130,000 maximum damage award is based on the applicable cap in place at the time of the shooting. *See* T.C.A. § 29-20-403 (2000 & Supp. 2008).

warranted sanctions and that the GTLA did not prohibit the court from awarding sanctions over and above the statutory cap on damages. Her counsel insisted that the City violated a court order requiring preservation of the physical evidence from Officer Dolan's criminal trial, and that the City engaged in dilatory tactics that prolonged the case and asserted frivolous, bad faith defenses.

At the conclusion of the hearing, the trial judge issued an oral ruling. She stated in part:

> I think we've been here a long time on this and I want to start out by saying if Ms. Black would have taken the stand today I'm sure she would have told me, and I know instinctively, that no amount of money could compensate her for what happened to her son. I know that without her saying that.
> This is one of the most egregious situations that this Court has seen come through this courthouse, or anywhere else for that matter, and the Court is not happy with what has happened procedurally.
> However, the Court has looked high and low for anything to say anything differently than what the City has argued, which is that there is an absolute cap. There are cases upon cases upon cases where trial courts have been reversed when they've awarded discretionary costs which makes the award more than the GTLA cap.
> * * *
> The destruction of the evidence, in light of the Court's order that the evidence be preserved is - - I don't know how that was explained away, but obviously Judge Childers was convinced. He heard the proof, I didn't, and that's all now a matter of record. The Court can't do anything about that.
> I don't know whether it would have been more appropriate at that time that there be some kind of sanctions against the parties, I don't know, but, once again, that's not anything before this Court at this time.

In mentioning "cases" reversing an award of costs in excess of the GTLA statutory damage cap, the trial court was apparently referring to the City's memoranda filed in response to Ms. Black's motions, in which the City cited ***Shaffer v. Shelby County***, No. W2000-02215-COA-R3-CV, 2002 WL 54389 (Tenn. Ct. App. Jan. 11, 2002) and ***Cox v. Anderson County Highway Department***, No. E1999-01697-COA-R3-CV, 2000 WL 250126 (Tenn. Ct. App. Mar. 7, 2000). Those cases hold that discretionary costs may not be assessed against a governmental defendant when doing so would cause the award to exceed the GTLA damage cap. ***See Shaffer***, 2002 WL 54389, at *10; ***Cox***, 2000 WL 250126, at *8–9. In its oral ruling the trial court denied Ms. Black's motions for interest and costs.

On August 24, 2007, the trial court entered its order of final judgment, awarding Ms. Black $130,000, and denying her motions for taxation of interest and costs. The order of final judgment stated in part:

> 1. The expenses incurred on behalf of Plaintiff and the claim for taxation of interest are reasonable, however, in light of existing case law, the maximum Plaintiff is entitled to recover is limited to $130,000.00 under the Tennessee Government Tort

-4-

Liability Act, therefore, Plaintiff is not entitled to recover any additional sums for interest, costs or otherwise.

      2. Neither the City nor its counsel acted in bad faith in the defense of this case.

Ms. Black filed a motion to alter or amend the judgment on September 14, 2007, which was denied. Ms. Black then filed a timely notice of appeal.

## ISSUES ON APPEAL

On appeal, Ms. Black raises two issues for our review. First, she contends that the GTLA does not preclude a trial court from imposing sanctions over and above the GTLA's cap on damages under either the court's inherent authority or Rule 11 of the Tennessee Rules of Civil Procedure. Alternatively, she contends that the governmental defendant, in this case the City, waived the protection of the GTLA's statutory cap on damages for the purposes of allowing the trial court to award discretionary costs and/or interest by engaging in conduct that unnecessarily prolonged the case and drove up Ms. Black's costs.

## ANALYSIS

As a threshold issue, before addressing whether the GTLA precludes a trial court from imposing sanctions on a governmental defendant over and above the statutory cap on damages, we must ascertain whether the trial court indicated that an award of sanctions would be warranted if the GTLA did not preclude any award over the $130,000 statutory cap on damages.

In the trial court's oral ruling at the conclusion of the hearing on Ms. Black's motions, the trial judge clearly expresses a desire to award interest and costs over and above the GTLA's statutory cap on damages, and frustration that the cases interpret the GTLA as precluding such an award. This sentiment is reiterated in the trial court's final judgment, in which it stated that existing case law prevented it from awarding Ms. Black her costs.

However, in its oral ruling and in its final order, the trial court addressed discretionary costs and sanctions separately. While the trial court clearly wanted to award Ms. Black her costs, the trial court's statements do not indicate an inclination to sanction the City for any alleged misconduct. Ms. Black relies on comments made by the trial court in its oral ruling that the case "is one of the most egregious situations that this Court has seen," and "the Court is not happy with what has happened procedurally." However, in context, there is no indication that the trial judge in these remarks is referring to alleged sanctionable conduct by the City. Indeed, the trial judge's reference to the "egregious situation" comes after an expression of sympathy for Ms. Black for her terrible loss, and can be seen as a characterization of the situation that led to the shooting of her son. The trial court's reference to being "not happy with what has happened procedurally" could be a reference to any number of complications in this procedurally complex case, only some of which can be attributed to the City.

However, in its remarks, the trial court expressly addresses Ms. Black's request for sanctions, deferring to Judge Childers' prior order on the destruction of the physical evidence. The trial judge then muses that she did not know "whether it would have been more appropriate at that time that there be some kind of sanctions," and adds that the issue was not before the court at that time. Thus, the trial court declined in its oral ruling to award sanctions. In its final judgment, the trial court expressly found that "[n]either the City nor its counsel acted in bad faith in the defense of this case." The two primary bases for Ms. Black's request for sanctions were (1) the destruction of the physical evidence while it was in the custody of the City, and (2) after maintaining an allegedly bad faith defense that Officer Dolan acted in self-defense, thus forcing Ms. Black to secure expensive expert testimony on police procedures and how the shooting occurred, only after many years did the City finally withdraw that position. These actions, Ms. Black contends, unnecessarily drove up her costs. The loss of the physical evidence was addressed in the trial court's oral ruling, and the alleged bad faith defense was addressed in its final order. Ms. Black's subsequent motion to alter or amend the judgment again recounts the City's alleged misconduct and argues that it warranted sanctions. This motion was denied by the trial court as well. Taken altogether, we must find that the trial court did not award sanctions because it found that an award of sanctions was not warranted.

A trial court's decision regarding whether to award sanctions is reviewed on appeal under an abuse of discretion standard, and the trial court's decision is afforded great weight on appeal. *Stigall v. Lyle*, 119 S.W.3d 701, 706 (Tenn. Ct. App. 2003) (citations omitted). A trial court does not abuse its discretion unless it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003) (quoting *State v. Stevens*, 78 S.W.3d 817, 832 (Tenn. 2002)).

On appeal, Ms. Black addresses the City's alleged misconduct at length, thoroughly describing how it prolonged the case and dramatically increased her costs. While we are sympathetic to Ms. Black's position, we are required on appeal to defer to the trial court's broad discretion in determining whether to impose sanctions on a party. *See Stigall*, 119 S.W.3d at 706. Based on the record before us, we cannot say that the trial court abused its discretion in declining to sanction the City. The trial court's decision on this issue is affirmed.[3]

Ms. Black next argues that the City should be deemed to have constructively waived its right to protection under the GTLA's statutory damage cap by engaging in conduct that unnecessarily prolonged the case and drove up her costs. In support of her argument she cites Section 29-20-404,[4]

---

[3] Because we have determined that the trial court did not indicate that it found that sanctions against the City were warranted, we do not reach the issue of whether the GTLA precludes a trial court from awarding sanctions over and above the statutory cap on damages.

[4] The statute provides in pertinent part as follows:

A governmental entity or the insurer of such governmental entity shall not be held liable for any judgment in excess of the limits of liability set forth in § 29-20-403, unless the governmental entity has expressly waived such limits. The waiver of such immunity or such limits of liability by a governmental entity shall only be valid if such waiver is expressly contained in the provisions or endorsement of a policy or contract of insurance authorized by this chapter to cover its liability under

(continued...)

-6-

which allows a governmental entity to expressly waive the GTLA's liability limits.  The statute specifically requires an express waiver before a governmental entity can be held liable for damages in excess of the statutory cap.  Ms. Black cites no authority to support her argument that a governmental entity can be deemed to have constructively waived its protection under the GTLA damage cap.  This argument is without merit.

### CONCLUSION

The decision of the trial court is affirmed.  The costs of this appeal are taxed to the Appellant Faye Black, and her surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[4](...continued)
this chapter.

T.C.A. § 29-20-404(a) (2000).