# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 10, 2012

## JOHN R. GREEN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 03-01893     W. Otis Higgs, Jr., Judge**

---

**No. W2011-01637-CCA-R3-PC  - Filed June 19, 2012**

---

The Petitioner-Appellant, John R. Green, appeals the post-conviction court's denial of his second petition for post-conviction relief, which the court treated as a motion to reopen his first petition for post-conviction relief. On appeal, the petitioner does not address any of the procedural issues for which the post-conviction court denied the second petition. He instead argues, as he did in his first petition for post-conviction relief, that he received the ineffective assistance of trial counsel based on a failure to communicate a plea offer and to present a defense at trial. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

John R. Green, Clifton, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General and Rachel Newton, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background.** Following a jury trial, the petitioner was convicted of first degree felony murder and aggravated robbery and received an effective sentence of life in prison.[1] On direct appeal, the petitioner argued that the evidence was insufficient to support his convictions and that the trial court erred in denying a motion to suppress his statements. This

---

[1]The judgment forms were not included in the record on appeal. We glean much of the procedural history from this court's opinion on direct appeal and Green's first petition for post-conviction relief.

court considered each issue and affirmed the convictions. State v. John Green, No. W2005-01809-CCA-R3-CD, 2006 WL 3085502, at *1 (Tenn. Crim. App., at Jackson, Oct. 31, 2006), perm. app. denied (Tenn. Mar. 5, 2007). After the Tennessee Supreme Court denied permission to appeal, the petitioner timely filed a pro se petition for post-conviction relief on December 10, 2007. Counsel was appointed and filed an amended petition on June 13, 2008. The petition alleged, among other grounds of ineffective assistance of counsel, that trial counsel failed to present to the petitioner a plea offer of fifteen years and failed to present a defense at trial. The post-conviction court held an evidentiary hearing, and it entered an order denying the petition on December 16, 2008. The petitioner did not appeal.

On March 17, 2011, the petitioner filed a second pro se petition for post-conviction relief alleging ineffective assistance of counsel. In the second petition, he asserted that the statute of limitations did not bar the petition because his post-conviction counsel did not pursue an appeal of the first petition. He stated that this deprived him of "his appellate right of first-tier review of issues presented in [the] petition for post-conviction relief." The petitioner further asserted that he "[wa]s seeking a delayed appeal to be able to fully litigate the original issues presented to the trial court and denied by [the] trial court after [an] evidentiary hearing." The State responded by filing a motion to dismiss what it considered to be the petitioner's motion to reopen the first petition for post-conviction relief.

The post-conviction court entered an order denying the petition on June 24, 2011. The court stated that it treated the petition as a motion to reopen the first post-conviction petition and determined that the petitioner failed to assert any grounds that justified the reopening of a post-conviction petition under Tennessee Code Annotated section 40-30-117. Regarding the petitioner's claim that his post-conviction counsel failed to pursue an appeal, the court determined that there was no right to effective assistance of counsel to pursue post-conviction relief. It therefore concluded that it "d[id] not have jurisdiction to provide a remedy for the petitioner's complaint" and denied the petition.

The petitioner filed with the trial court clerk a "Notice of Appeal Pursuant to Rule 4 Appellate Procedure" on July 19, 2011. The notice stated that the petitioner was appealing "[f]rom the judgment entered in this action on the 24[th] day [of] June, 2011."

**Analysis.** On appeal, the petitioner asserts that he received the ineffective assistance of trial counsel based on a "failure to communicate any plea offer from the State" and a "failure to mount an adequate defense." He does not address any of the bases on which the post-conviction court denied his second petition for post-conviction relief. The State responds with three alternative arguments supporting the post-conviction court's denial of the petition. First, the State asserts that the court properly treated the second petition as a motion to reopen the first petition for post-conviction relief and that the petitioner has not

complied with the procedural requirements to appeal such a denial. Second, the State argues that even if the petitioner properly appealed the denial of a motion to reopen, the post-conviction court properly denied the motion. Finally, the State contends that even if this court construes the second petition for post-conviction relief as a late-filed notice of appeal of the first petition for post-conviction relief, relief should be denied on the merits. We agree with the State that the post-conviction court properly denied the petition.

Pro se filings, such as the petition for post-conviction relief at issue here, are generally construed leniently and held to less stringent standards than filings by attorneys. See, e.g., Baxter v. Rose, 523 S.W.2d 930, 939 (Tenn. 1975); Stigall v. Lyle, 119 S.W.3d 701, 706 (Tenn. Ct. App. 2003). Construing the petitioner's filing in this case leniently, we can interpret it as either (1) a petition for post-conviction relief, (2) a motion to reopen the first petition for post-conviction relief, or (3) a late-filed notice of appeal of the denial of the first petition for post-conviction relief. We consider in turn each possible interpretation.

First, construing the filing as a petition for post-conviction relief, we conclude that the post-conviction court properly denied the petition. A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. T.C.A. § 40-30-102(a) (2006). The statute stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Id. In addition, Tennessee Code Annotated section 40-30-102(b) states:

> No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was

enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. 40-30-102(b). Additionally, due process concerns may toll the statute of limitations for seeking post-conviction relief. The Tennessee Supreme Court has stated:

[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.

Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982)). Moreover, a petitioner may file only one petition for post-conviction relief. T.C.A. § 40-30-102(c) ("In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed.").

Here, the petition was filed on March 17, 2011, approximately four years after the Tennessee Supreme Court denied review on direct appeal. The petition is untimely by approximately three years as a result, and it alleges none of the grounds under section 40-30-102(b) that would allow consideration of the petition despite its late filing. Although the petitioner argues that due process concerns toll the statute of limitations because counsel was ineffective in failing to appeal the denial of the post conviction petition, such an argument is unavailing. A petitioner has no right to the effective assistance of counsel in post-conviction proceedings, and the failure of post-conviction counsel to appeal the denial of post-conviction relief is not a due process violation that tolls the statute of limitations. See Stokes v. State, 146 S.W.3d 56, 61 (Tenn. 2004) (holding that there is no right to the effective assistance of counsel on post-conviction and that counsel's failure to seek permission to appeal to the Supreme Court was not a due process violation). In addition to being untimely, this is also the petitioner's second petition for post-conviction relief in this case. Because the post-conviction court resolved the first petition on the merits, the petitioner cannot file a second petition. Summary dismissal is appropriate under these circumstances, and the petitioner is not entitled to relief.

Second, interpreting the petitioner's filing as a motion to reopen the first post-conviction petition, we agree with the State that the petitioner did not follow the statutory

procedure to appeal the post-conviction court's denial of the motion. Tennessee Code Annotated section 40-30-117(c) governs an appeal from the denial of a motion to reopen:

> If the motion is denied, the petitioner shall have thirty (30) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.

T.C.A. 40-30-117(c) (2011). The Tennessee Supreme Court has summarized the requirements of the statute, stating that it "outlines four requirements of an appeal from a motion to reopen to be considered: (1) the timeliness of filing, (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application." Graham v. State, 90 S.W.3d 687, 689 (Tenn. 2002). Although the petitioner filed "Notice of Appeal Pursuant to Rule 4 of Appellate Procedure," a notice of appeal may be treated as an application for permission to appeal as long as it "contain[s] sufficient substance that it may be effectively treated as an application for permission to appeal." Id. at 691. This generally requires the application to include "the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." Id. (citing Tenn. R. App. P. 9(d), 10(c), 11(b)). When the petitioner fails to follow the statutory requirements seeking review of a denial of a motion to reopen, this court is without jurisdiction to consider the appeal. Mario Gates v. State, No. W2002-02873-CCA-R3-PC, 2003 WL 23100815, at *2 (Tenn. Crim. App., at Jackson, Dec. 31, 2003) (citing John Harold Williams, Jr. v. State, No. W1999-01731-CCA-R3-PC, 2000 WL 303432, at *1 (Tenn. Crim. App., at Jackson, Mar. 23, 2000), perm. app. denied (Tenn. Oct. 16, 2000)).

Here, the petitioner's notice of appeal cannot be treated as an application for permission to appeal. Although the notice complies with the requirements that an application for permission to appeal be filed within thirty days and that it state the date and judgment from which it seeks review, it does not comply with any other requirements. The petitioner filed the notice in the Shelby County Criminal Court instead of this court as required under section 40-30-117(c). Additionally, the notice did not state the issues for review or the reasons why the petitioner deserved relief. Nor did the petitioner attach the required documents to his notice. We therefore conclude that the petitioner failed to properly seek review of the post-conviction court's denial of the motion to reopen, and we lack jurisdiction to review the appeal.

Furthermore, even if the petitioner had properly appealed the denial of his motion to reopen, the post-conviction court correctly denied the motion because the petition's allegations do not fall within the limited circumstances for reopening a first post-conviction

petition. Tennessee Code Annotated section 40-30-117(a) allows a petitioner to file a motion to reopen a post-conviction petition only when:

> (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or
>
> (2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and
>
> (4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

T.C.A. § 40-30-117(a). None of these grounds for reopening the petition for post-conviction relief are applicable here, and the post-conviction court properly denied the petitioner's motion to reopen.

Finally, construing the filing as a late-filed notice of appeal of the post-conviction court's denial of the first petition, we conclude that the petitioner is not entitled to pursue an appeal at this late date. Tennessee Rule of Appellate Procedure 3(b) provides that a petitioner may appeal "a final judgment in a . . . post-conviction proceeding." Tenn. R. App. P. 3(b). Additionally, Tennessee Rule of Appellate Procedure 4(a) states that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Id. at 4(a). However, this rule also states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Id. This court, in deciding whether to grant a waiver regarding an untimely notice of appeal, "shall consider the nature of the issues for review, the reasons for the delay in seeking relief,

and other relevant factors presented in each case." Michelle Pierre Hill v. State, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App., at Nashville, Feb. 13, 1996). This court has concluded, "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (citing Michelle Pierre Hill, 1996 WL 63950, at *1).

Here, the interest of justice does not support a waiver of the thirty-day time limit for filing notice of appeal. The petitioner untimely filed notice of appeal presumably because his post-conviction counsel failed to pursue an appeal. Nevertheless, a letter included in the record from post-conviction counsel to the petitioner and dated February 9, 2009, indicates that the petitioner was aware counsel had not pursued an appeal approximately two years before the petitioner filed the document at issue here. The petitioner offers no explanation for such a prolonged delay in filing notice of appeal. Additionally, as discussed above, post-conviction counsel's failure to appeal the post-conviction court's denial of relief does not constitute a due process violation such that the interest of justice would require a waiver of the time limit. See Billy G. Debow, Sr. v. State, No. M2008-00580-CCA-R3-PC, 2009 WL 605091, at *5 (Tenn. Crim. App., at Nashville, Mar. 10, 2009) (declining to waive time requirement based on post-conviction counsel's failure to pursue appeal). The petitioner received a full, fair hearing before the post-conviction court on his first petition, and we decline to waive the timely filing of notice of appeal.

## CONCLUSION

Upon review, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. McMULLEN, JUDGE