**W. Don MORRIS, Plaintiff/Appellant,**

v.

**ESMARK APPAREL, INC.,
Defendant/Appellee.**

Court of Appeals of Tennessee,
Western Section at Jackson.

Dec. 31, 1991.

Application for Permission to Appeal
Denied by Supreme Court
April 27, 1992.

Tim Edwards, Memphis, for plaintiff/appellant.

Larry E. Parrish, Memphis, for the defendant/appellee.

TOMLIN, Presiding Judge (Western Section).

This case presents the question of whether an administrative adjudication of disqualification for unemployment compensation benefits may be used to preclude litigation of an issue in a subsequent civil suit for breach of employment contract hinging upon the same fact question, by the application of the doctrine of collateral estoppel. W. Don Morris ("Plaintiff") filed suit in the Chancery Court of Shelby County against Esmark Apparel, Inc. ("Defendant") for breach of contract, along with other claims. Plaintiff sought damages, alleging he was fired without cause and was denied severance pay, among other things. Defendant filed a motion to dismiss for failure to state a claim, which was converted into a motion for summary judgment. Defendant contended that a ruling by the Tennessee Department of Employment Security ("TDES") Board of Review following the filing of a claim for unemployment compensation by plaintiff was conclusive as to the principal issue presented by this litigation. Following a hearing the chancellor granted summary judgment in favor of defendant, applying the doctrine of collateral estoppel. The single issue presented by this appeal is whether the trial court erred in holding that plaintiff's claim for damages was barred by collateral estoppel. We hold there was no error and affirm.

Plaintiff, an upper level managerial employee of defendant for some 30 years, was discharged by defendant on October 24, 1989. At the time of his discharge he served as Director of Management Information Systems for defendant and some of its subsidiary companies, engaged in the manufacture, sale and distribution of hosiery and similar products. On October 31, 1989, plaintiff filed a claim for unemployment compensation with the Memphis office of the TDES. The claim was approved. Defendant, the employer, was notified of this approval. Within the allotted time defendant appealed the decision of the Commissioner to the TDES Appeals Tribunal, which is presided over by an Appeals Ref-

eree. The referee conducted an evidentiary hearing pursuant to statute on February 6, 1990. At this hearing both plaintiff and representatives of defendant testified. Plaintiff appeared *pro se*. One week later, the Appeals Tribunal acting through the appeals referee, vacated and set aside the decision of the Commissioner, disallowing plaintiff's claim pursuant to T.C.A. § 50–7–303(a)(2) and finding that plaintiff was discharged for misconduct connected with his work.

Plaintiff appealed this decision to the Board of Review on February 20, 1990. The following day, plaintiff filed the present breach of contract action in the Chancery Court.

On April 4, 1990 the three person Board of Review issued its decision. After considering the entire record in this matter the Board made Findings of Fact and Conclusions of Law, which we will discuss in more detail presently. The Board of Review affirmed the decision of the Appeals Tribunal which, as noted, rejected plaintiff's claim pursuant to T.C.A. § 50–7–303(a)(2).

Plaintiff filed a timely written request with the Board of Review seeking a reconsideration of their decision. The Board of Review treated plaintiff's petition as a petition to rehear and subsequently denied it on May 9, 1990. Plaintiff did not thereafter pursue his right to judicial review by filing a petition for certiorari in the appropriate Chancery Court, choosing instead to pursue his claim for any redress in this present litigation.

Following the evidentiary hearing conducted by the Appeals Tribunal by and through the Appeals Referee, the following findings of fact were made by the Tribunal:

*FINDINGS OF FACT:* The claimant's most recent employment prior to filing this claim was for Pennaco Hosiery, Memphis, Tennessee, from August 24, 1959, until October 24, 1989, when he was discharged. At the time of his separation from work, the claimant was employed in the position of director of management information systems, and as such was a highly placed managerial employee. In order to market it's product competitively, the employer developed a system of computerized inventory control and reordering for retailers whom it supplied with products. The claimant was closely involved in the development of this system and was very knowledgeable about it. A personal friend of the claimant's who was a former long term employee of the company began a small business which provided an inventory counting service for competitors of the employer. For this he recruited the claimant to write a computerized inventory control program. The claimant was aware that in so doing, he was providing proprietary information to the employer's competitors through his friend's business, and that this was information a competitor should not have. The employer learned about this and then discharged the claimant.

T.C.A. § 50–7–304(h) and § 50–7–304(i)(1) provide the circumstances under which the decision of the Board of Review becomes final, as well as proscribing the time in which judicial appeal may be taken by the aggrieved party. The record reflects that no judicial review was sought by plaintiff. In light of this, the decision of the Board of Review became final thirty days from the date that the opinion of the Board of Review denying plaintiff's petition to rehear was mailed. There is no procedure by which we could or should go behind these findings, upon which the Board of Review concluded that plaintiff was discharged for misconduct connected with his work.

■ The doctrine of collateral estoppel is recognized in this state. *Massengill v. Scott*, 738 S.W.2d 629 (Tenn.1987). Generally speaking, the term "collateral estoppel" refers to the judicially-promulgated policy of repose preventing relitigation of a particular dispositive issue which was necessarily or actually decided with finality in a previous suit involving at least one of the parties on a different cause of action. *Gear v. City of Des Moines*, 514 F.Supp. 1218 (S.D.Iowa 1981); *See Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

■ Insofar as the law in Tennessee is concerned, there is one unique aspect of this case, the consideration of which appears to be a case of first impression. That question is whether the doctrine of collateral estoppel will be extended or applied to decisions of administrative agencies in this state. It appears however that beginning perhaps a quarter of a century ago, this reluctance to extend the doctrine of *res judicata,* of which collateral estoppel is a component, to administrative cases has been substantially modified. In 1966 the U.S. Supreme Court expressly applied the doctrine in the administrative law context, stating:

> When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose. (Citations omitted.)

*United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966).

Subsequently, in the case of *Univ. of Tenn. v. Elliott,* 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986), that court held:

> .... [W]e hold that when a state agency "acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate," [U.S. v.] *Utah Construction & Mining Co., supra,* 384 U.S. [394], at 422, 86 S.Ct. [1545], at 1560, [16 L.Ed.2d 642 (1966)] federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts.

The doctrines of *res judicata* and collateral estoppel are applicable to give conclusive effect to quasi-judicial determinations of administrative agencies. *See, Ryan v. New York Telephone Co.,* 62 N.Y.2d 494, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984); *Bostwick v. Atlas Iron Masters, Inc.,* 780 P.2d 1184 (Okla.App.1988); *Bresnahan v. May Department Stores Co.,* 726 S.W.2d 327 (Mo.Banc 1987). While there are some jurisdictions that do not give preclusive ef-

fect to quasi-judicial decisions of administrative agencies, we are of the opinion that the authorities cited above represent both the majority and better view and thus we adopt this view in the case at hand.

■ This court in reviewing whether the application of collateral estoppel is appropriate should consider: (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *See Bresnahan* at 330; *Salida School District R-32-J v. Morrison,* 732 P.2d 1160 (Colo.1987).

■ Nowhere in plaintiff's brief does he specifically identify the issue as "The Issue." However, giving his brief a liberal construction, in the table of contents he sets forth as Roman Numeral I, and the only item so numeralized, the following: "The trial court erred in giving collateral estoppel effect to a ruling by the Tennessee Department of Employment Security." Of the four elements to be considered by this court in determining whether the trial court was correct in granting summary judgment (for finding that collateral estoppel applies or does not apply is a question of law), the only one of the four elements above set out for consideration by the court relied upon by plaintiff in his brief was the fourth—that is, that he did not have a full and fair opportunity to litigate the issue in the prior suit.

While we will address that momentarily, we feel constrained to note that the requirements of the other three elements of collateral estoppel have clearly been met. As to the first, we have an unappealed, final, administrative determination by an administrative agency. This prior adjudication resulted in a judgment on the merits that became final. The issue in the prior adjudication was the discharge of the plaintiff by his employer for providing assist-

ance to the employer's competitors through the business of a personal friend. In the unemployment compensation statutes, this is classified as "misconduct connected with his work." In the case under consideration plaintiff alleges breach of contract in that he was denied severance benefits under a special severance policy applicable to defendant's employees. However, this policy provided that employees such as plaintiff would be ineligible for coverage if there was an involuntary separation (a discharge of the employee) for "good cause." This issue is identical with the issue decided in the administrative proceeding. Finally, there is no doubt that the plaintiff in this case was the party against whom the administrative decision was made.

As to the fourth element, adequate opportunity to litigate a disputed issue of fact before an administrative agency mandates procedural due process be afforded. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). However, no particular form of procedure is dictated, and failure to avail oneself of the full procedures provided by state law does not constitute inadequacy of such procedures. *Kremer*, 456 U.S. at 484, 102 S.Ct. at 1899.

In the instant case, T.C.A. §§ 50–7–304, *et seq.*, provide that for a terminated employee to receive unemployment compensation benefits the employee must make application to the Commissioner of the TDES. Notice is then sent to the former employer, who is given an opportunity to object to the payment of unemployment compensation benefits. As in our case, the employer can show that the former employee was terminated because of misconduct connected with his work. Benefits are then either granted or denied by the Commissioner.

The employer and employee have the right to appeal the decision of the Commissioner to the Appeals Tribunal of the TDES, presided over by an Appeals Referee, who conducts a hearing at which evidence is taken. Each party enjoys the right to present evidence through documentation and examination of witnesses, to cross examine opposing witnesses and to offer argument on all issues. The judgment of the Appeals Referee becomes the judgment of the Appeals Tribunal, from which either the employee or the employer may appeal any adverse aspects of same to the TDES Board of Review.

It should be noted that plaintiff chose not to avail himself of services of counsel at the "live" hearing before the Appeals Tribunal. However, the uncontroverted affidavit of counsel for defendant stated that during the period preceding the hearing of the Appeals Tribunal that he had dialogue with a Memphis attorney who indicated he was advising plaintiff concerning his employment problems. It should also be noted that the day following plaintiff's perfecting his appeal to the Board of Review, the present lawsuit was filed, in which plaintiff was represented by legal counsel.

Following plaintiff's appeal to the Board of Review, it made a new judgment and issued its decision, which included Findings of Fact and Conclusions of Law. In addition, the decision of the Board of Review advised all parties when such decision would become final; when the aggrieved party should file a written petition to rehear; when the aggrieved party should seek judicial review; and in what court this judicial review should be sought. The judgment of the Board of Review even advised plaintiff by what date he should file his petition for judicial review. As has already been noted, no judicial review was sought but the fact that plaintiff did not avail himself of this right did not render the procedures outlined above inadequate. This court is of the opinion that the procedures outlined above are sufficient to assure due process to plaintiff.

The decree of the chancellor below is affirmed in all respects. Costs in this cause are taxed to plaintiff, for which execution may issue if necessary.

HIGHERS and CRAWFORD, JJ., concur.

## ORDER

This cause came on to be duly heard and considered and for the reasons stated in

the Opinion of this Court of even date, it is ordered:

1. The judgment of the trial court is in all respects affirmed.

2. Costs of this cause are taxed to the plaintiff, for which execution may issue if necessary.