# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs November 1, 2016

## VERNON LOCKHART v. COMMISSIONER OF THE TENNESSEE DEPARTMENT OF SAFETY

### Appeal from the Chancery Court for Davidson County
No. 140472I     Ben H. Cantrell, Senior Judge

---

### No. M2016-00083-COA-R3-CV – Filed December 21, 2016

---

This appeal arises from a civil forfeiture. Vernon Lockhart ("Lockhart") was charged and later convicted on a number of criminal counts related to the distribution of large amounts of marijuana. The Tennessee Department of Safety and Homeland Security ("the Department") declared as forfeited certain of Lockhart's properties alleged to be derived from illegal drug transactions. An Administrative Law Judge ("the ALJ") found in favor of the Department by a preponderance of the evidence, a decision which was affirmed on appeal by the Chancery Court for Davidson County ("the Trial Court"). Lockhart appeals to this Court, arguing, in large part, that the evidence used against him should have been suppressed and that the ALJ and Trial Court erred by failing to conduct an analysis of his suppression issue independent of the resolution of that issue in the criminal court proceedings. We hold, *inter alia*, that the ALJ's order of forfeiture was supported by a preponderance of the evidence and that the doctrine of collateral estoppel bars Lockhart from re-litigating whether the evidence should have been suppressed as that issue has been resolved finally on appeal in his criminal proceedings. We affirm the judgment of the Trial Court upholding the ALJ's order declaring Lockhart's designated properties forfeited to the state.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which W. NEAL MCBRAYER and BRANDON O. GIBSON, JJ., joined.

Vernon Elliott Lockhart, pro se appellant.

Herbert H. Slatery, III, Attorney General and Reporter, Grant C. Mullins, Assistant Attorney General, and, Andrée S. Blumstein, Solicitor General, for the appellee, the Tennessee Department of Safety and Homeland Security, Commissioner.

# OPINION

## Background

The detailed history of Lockhart's criminal investigation and trial is set forth in the Tennessee Court of Criminal Appeals opinion *State v. Lockhart*, No. M2013-01275-CCA-R3-CD, 2015 WL 5244672 (Tenn. Crim. App. September 8, 2015), *perm. app. appeal denied Jan. 20, 2016*. Lockhart was convicted at the trial court level of 14 counts, three of which for money laundering were overturned on appeal. Lockhart's most ardent and persistent argument, both in the criminal matter and in this civil forfeiture matter now before us, is that the evidence used against him was gathered unlawfully and should be suppressed. The Tennessee Court of Criminal Appeals in *Lockhart*, among other things, disagreed with Lockhart's suppression-based arguments while affirming most of Lockhart's convictions.

An asset forfeiture hearing was held in March 2013. The ALJ subsequently entered an order which stated, in part, as follows:

> 1. Beginning in January 2006, the 18th and 20th Judicial District Drug Task Forces along with the United States Drug Enforcement Agency (DEA) conducted an investigation of Claimant, along with several other individuals, through the use of wiretaps, for drug trafficking of large amounts of marijuana.
> 2. The investigation revealed that Claimant devised and conducted an elaborate operation wherein he, or one of his co-conspirators, would travel across the country to purchase large quantities of marijuana and bring it back to Nashville for resell.
> 3. As a part of this elaborate operation, Claimant used several companies to conceal and/or launder the money he made through his illegal drug transactions. These companies were Pyramid Engineering, Reconstruction Management Group, VEL Properties and VEL Trucking, LLC.
> 4. The investigation culminated in the issuance of numerous search warrants
> 5. On March 9, 2009, a 2005 GMC Sierra Engineering truck pulling a gooseneck trailer and driven by Cheyenne Davis was stopped by the Tennessee Highway Patrol for a traffic violation. A K-9 narcotic officer alerted to the truck. The truck and trailer were searched and the trailer was cut open. It was found to contain approximately 550 pounds of marijuana.

6. Inside the truck the officers found a TomTom GPS device and an Aspire I Acer laptop with accessories along with several telephones. These items were seized.

7. After the search of the truck and trailer, the officers began executing search warrants on the various properties identified as the stash houses owned by the claimant.

8. Claimant also owned several homes that were used as "stash houses" to hide the large quantities of marijuana.

9. The main location for storing the marijuana was a home, owned by VEL Properties, located at 6960 Old Hickory Boulevard, Nashville, Tennessee (6960 OHB). Other properties known as "201 Cude Lane" and "Pulley Road aka 'The Country'", along with his residence at 5225 Rustic Way, Mt. Juliet, Tennessee were also used as "stash houses".

10. The search warrant executed on Claimant's residence at 5225 Rustic Way, Mt. Juliet, Tennessee yielded ledgers that were discovered in the home. These ledgers were determined by officers to reflect transactions representing the sale of 5,702 pounds of marijuana and income from those sales in the amount of Two million eight hundred thirty four thousand eight hundred twenty seven dollars ($2,834,827.00).

11. As a result of the search of the Claimant's home, numerous items were seized. Among those items were an outdoor surveillance system, a 1999 Chevrolet SK1 pickup truck containing 10 pounds of marijuana, furniture from the dining room, living room, kitchen, and master bedroom, tools and golf clubs. The officers also discovered a hidden $154,000.00 in US currency hidden in the home.

12. Claimant was indicted and eventually convicted of fourteen (14) felony counts. (The factual allegations in the indictments and Claimant's convictions are found at exhibits 2 A -3B of the technical record and incorporated herein in their entirety by reference). Claimant was sentenced in January 2013, to ninety four (94) years in prison.

13. Claimant, during the time of the investigation, had no legitimate source of income. In fact, the only income tax records that he filed reflected income in the amount of $8,189.00 for the 2006 filing year.

14. Detective Herb Kajihara, of the Nashville Police Department testified on behalf of the Department of Safety. His testimony is found to credible.

15. Claimant did not appear nor testify at the hearing. Claimant presented no proof to rebut the testimony or evidence introduced by the Department.

16. Claimant had a prior conviction for the sale of marijuana.

17. The Department of Safety has shown by a preponderance of the evidence that the [sic] [a]ll of the listed property and currency seized were

either acquired through criminal activity or through the facilitation of drug sales as a part of this extensive drug trafficking operation.

## CONCLUSIONS OF LAW and ANALYSIS

1. The State bears the burden of proof in this case, and must therefore prove, by a preponderance of the evidence, that the seized currency is subject to forfeiture, pursuant to law. Failure to carry the burden of proof operates as a bar to the proposed forfeiture. TENN. CODE ANN. § 53-11-201(d)(2); *Rule 1340-2-2-.15*, TENN. COMP. R. & REGS., *Rules of the Tennessee Department of Safety*.
2. "Everything of value furnished, or intended to be furnished, in exchange for a controlled substance in violation of the Tennessee Drug Control Act of 1989, . . . all proceeds traceable to such an exchange, and all moneys . . . used, or intended to be used, to facilitate any violation of the Tennessee Drug Control Act . . ." are subject to forfeiture under the law. TENN. CODE ANN. § 53-11-451(a)(6)(A).
3. T.C.A. §53-11-451(a)(2) provides that "all raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing or exporting any controlled substance in violation of the Tennessee Drug Control Act are subject to forfeiture.["]

***

10. Claimant's record of drug activity is highly probative factor in the forfeiture calculus. U.S. v. $67,220.00 in United States Currency, 957 F.2d 280 (6th Cir. 1992). The Department of Safety has shown by a preponderance of the evidence that the Claimant was engaged in the sale of illegal drugs and that the property and currency seized was derived from those illegal drug transactions. Accordingly, it is hereby ORDERED that the subject properties and currencies shall be forfeited to the Seizing Agency, the 18th and 20th Judicial District Drug Task Forces, for disposition as provided by law.

An initial amended order was entered in August 2013, and a final order was entered in February 2014. The matter was appealed to the Trial Court. The Trial Court affirmed the ALJ. In its December 2015 Memorandum and Order, the Trial Court found and held:

This cause is before the Court on the petition of Vernon Lockhart challenging the Department of Safety and Homeland Security

-4-

Commissioner's action in declaring a forfeiture of a large amount of real and personal property. *See Tenn. Code Ann.* § 4-5-322. The basis for the forfeiture was the petitioner's use of the property in the conduct of an extensive criminal enterprise or its acquisition with proceeds derived from that enterprise. *See Tenn. Code Ann.* § 39-17-401*, et. seq.*; 53-11-451 ("Tennessee Drug Control Act").

The petitioner does not challenge the preponderance of the evidence in the record of the criminal activity or its relationship to the property; the defense is based on his assertion that the evidence should have been excluded because it was acquired by the use of illegal wiretaps or GPS monitoring.

The Commissioner asserts that the exclusionary rule does not apply in this civil forfeiture proceeding, and, in any case, that the criminal courts of Davidson and Wilson counties have decided that the evidence was admissible in separate criminal prosecutions. The record contains written orders from both courts overruling the petitioner's motions to suppress the evidence.

The Court finds that the exclusionary rule does apply in an administrative hearing considering a civil forfeiture. *See Ware v. Green*, 984 S.W.2d 610 (Tenn. Ct. App. 1998); *Williams v. State Dep't of Safety*, 854 S.W.2d 102 (Tenn. Ct. App. 1992). Even the case cited by counsel for the Commissioner supports the applicability of the exclusionary rule in this case. In *Holmes v. Owen, 1998 WL 70644* (Tenn. Ct. App. 1998), the Court of Appeals noted that a question might still exist as to the application of the exclusionary rule in a "purely civil" case, but that the rule did not apply to a civil forfeiture proceeding, which the Court characterized as a penalty for illegal activity.

That being said, however, the Court is of the opinion that the agency did not err in admitting the evidence in reliance on the orders of the criminal courts. The rules of evidence in the Administrative Procedures Act allow evidence not admissible in Court to be admitted if it is "of a type commonly relied on by reasonably prudent men [sic] the conduct of their affairs." *Tenn. Code Ann.* § 4-5-313(1). With the Criminal Courts' decisions that the evidence should not be suppressed, it was reasonable to rely on these decisions without conducting an independent analysis of the various cases dealing with the exclusionary rule.[1]

---

[1] The decision of the Davidson County Criminal Court overruling the motion to suppress has now been affirmed by the Court of Criminal Appeals. *See State v. Lockhart*, 2015 WL 5244672, slip op. filed in Nashville September 8, 2015. Further, the Court is aware that the doctrine of collateral estoppel may be dispositive regarding the exclusionary rule, however the Tennessee Supreme Court has not taken action regarding the criminal cases as of the date of entry.

The Court is of the opinion that the Department of Safety and Homeland Security's decision to declare the property in question forfeited to the state is supported by a preponderance of the evidence in the record.

It is, therefore, ORDERED that the petition for judicial review is hereby dismissed at the cost of the petitioner.

(Footnote in original). Lockhart filed a timely appeal to this Court.

## Discussion

We restate and consolidate the issues Lockhart raises on appeal into the following two dispositive issues: 1) whether the ALJ erred in finding, and the Trial Court erred subsequently in affirming, that the Department met its burden, by a preponderance of the evidence, necessary to declare Lockhart's properties forfeited; and, 2) whether the Trial Court erred in declining to reverse or remand on the basis that three of Lockhart's convictions were overturned on appeal by the Tennessee Court of Criminal Appeals.

Our Supreme Court has discussed forfeiture as follows:

Forfeiture is defined as "[t]he divestiture of property without compensation." Black's Law Dictionary 722 (9th ed. 2009) (Forfeiture). In the context of this case, the divestiture occurs because of a crime and title to the forfeited property is transferred to the government. *Id.* At first blush, forfeiture appears to be an amalgam of a civil and a criminal proceeding. Indeed, some Tennessee decisions have described forfeiture proceedings as "*quasi criminal* in nature." *Garrett v. State Dep't of Safety*, 717 S.W.2d 290, 291 (Tenn. 1986) (italics in original); *Reece v. Lawson*, No. 01A01-9310-CH-00439, 1994 WL 171056, at \*4 (Tenn. Ct. App. May 6, 1994). However, later decisions by the United States Supreme Court and by this Court clarify that forfeiture actions are *in rem*, regarding the property; while they proceed parallel to criminal prosecutions and are "based upon the same underlying events," they are civil in nature. *U.S. v. Ursery*, 518 U.S. 267, 274, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996); *Stuart v. State Dep't of Safety*, 963 S.W.2d 28, 34 (Tenn. 1998). Because forfeiture proceedings are considered civil, "[t]he State has a less onerous burden—that of proving only by a preponderance of the evidence that the property is subject to forfeiture. This is to be contrasted with the State's burden in criminal proceedings—proof beyond a reasonable doubt." *Stuart*, 963 S.W.2d at 33 (citations omitted).

-6-

In Tennessee, while forfeiture is permissible, it is not favored: "The public policy of this state as expressed in the state constitution opposes forfeitures for convictions of crimes unless specifically provided for." *Hays v. Montague*, 860 S.W.2d 403, 408 (Tenn. Ct. App. 1993) (citing *Whisnant v. Byrd*, 525 S.W.2d 152, 153 (Tenn. 1975*), overruled on other grounds by Logan v. Winstead*, 23 S.W.3d 297 (Tenn. 2000); *Fields v. Met. Life Ins*. Co., 249 S.W. 798, 798 (Tenn. 1923)). "Forfeitures are not favored by the law." *Redd*, 895 S.W.2d at 335; *see also Wells*, 198 S.W.2d at 643 ("Forfeitures are not favored."). Consequently, "statutes authorizing forfeitures are to be strictly construed." *Watson*, 361 S.W.3d at 555 (citing *Redd*, 895 S.W.2d at 335); *see also Wells*, 198 S.W.2d at 643 ("Forfeiture statutes are to be strictly construed.").

*State v. Sprunger*, 458 S.W.3d 482, 492-94 (Tenn. 2015) (footnotes omitted).

Tenn. Code Ann. § 4-5-322 (2015) provides in relevant part:

(h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.

(B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Tenn. Code Ann. § 4-5-314 (c)(2015) provides further:

(c) A final order, initial order or decision under § 50-7-304 shall include conclusions of law, the policy reasons therefor, and findings of fact for all aspects of the order, including the remedy prescribed and, if applicable, the action taken on a petition for stay of effectiveness. Findings of fact, if set forth in language that is no more than mere repetition or paraphrase of the relevant provision of law, shall be accompanied by a concise and explicit statement of the underlying facts of record to support the findings. The final order, initial order or decision must also include a statement of the available procedures and time limits for seeking reconsideration or other administrative relief and the time limits for seeking judicial review of the final order. An initial order or decision shall include a statement of any circumstances under which the initial order or decision may, without further notice, become a final order.

We first address whether the ALJ erred in finding, and the Trial Court erred subsequently in affirming, that the Department met its burden, by a preponderance of the evidence, necessary to declare Lockhart's properties forfeited. Lockhart argues in his brief on appeal: "Mr. Lockhart submits that the issues concerning the wiretaps and extensions require a greater discussion and are the most extensive issues herein the case; as the determination thereof, required suppression of all of the proof, hence essentially leaving no bases or evidence warranting forfeiture." The Trial Court, citing Tenn. Code Ann. § 4-5-313 (allowing evidence not admissible in Court in Administrative Procedures Act cases if it is "of a type commonly relied upon by reasonably prudent men in the conduct of their affairs"), held that it was reasonable that the ALJ did not conduct an independent analysis of Lockhart's suppression issues, instead relying on the criminal courts' decisions. We respectfully reject this reasoning. Another court's analysis of a legal issue cannot properly be regarded as "evidence."

The Trial Court also observed, however, that the Davidson County Criminal Court, as affirmed by the Tennessee Court of Criminal Appeals, overruled Lockhart's motion to suppress. The Trial Court pointed out that the Tennessee Supreme Court had not taken any action with respect to the criminal cases so it did not hold that collateral estoppel applied. We are under no such limitation, because on January 20, 2016, shortly after the Trial Court's final judgment was entered, the Tennessee Supreme Court denied permission to appeal in *State v. Lockhart*, and the United States Supreme Court denied certiorari. The doctrine of collateral estoppel, therefore, may be applicable.

Our Supreme Court has discussed the doctrine of collateral estoppel as follows:

> Collateral estoppel is an issue-preclusion doctrine developed by the courts. *Mullins*, 294 S.W.3d at 534 (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Morris v. Esmark Apparel, Inc.*, 832 S.W.2d 563, 565 (Tenn. Ct. App. 1991)). This doctrine "promotes finality, conserves judicial resources, and prevents inconsistent decisions," *id.* (citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Gibson v. Trant*, 58 S.W.3d 103, 113 (Tenn. 2001); *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 178 (Tenn. Ct. App. 2000)), by barring "the same parties or their privies from relitigating in a later proceeding legal or factual issues that were actually raised and necessarily determined in an earlier proceeding," *id.* at 534-35 (citing *Barnett v. Milan Seating Sys.*, 215 S.W.3d 828, 835 (Tenn. 2007) *superseded by statute on other grounds as recognized in Freeman v. Gen. Motors Co.*, No. M2011-02284-SC-WCM-WC, 2012 WL 5197672, at *5 n. 3 (Tenn. Workers' Comp. Panel Oct. 22, 2012); *Massengill v. Scott*, 738 S.W.2d 629, 631-32 (Tenn. 1987); *Blue Diamond Coal Co. v. Holland-Am. Ins. Co.*, 671 S.W.2d 829, 832 (Tenn. 1984)); *see also* Restatement (Second) of Judgments § 27 (1982) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."). To prevail on a claim of collateral estoppel, a party must establish:

>> (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

*Mullins*, 294 S.W.3d at 535 (emphasis added).

-9-

*Bowen ex rel. Doe v. Arnold*, --- S.W.3d ---, 2016 WL 5491022, at *3 (Tenn. Sept. 29, 2016) (footnote omitted).

Applying the elements of collateral estoppel to the facts of this case, we conclude that Lockhart is barred from re-litigating his claims regarding suppression of evidence. Lockhart, the same individual in both this civil forfeiture case and the criminal case, already has had the full and fair opportunity to challenge the admission of the incriminating evidence, and he took that opportunity. The Tennessee Court of Criminal Appeals rejected Lockhart's arguments relative to suppression, and that judgment now is well and truly final as our Supreme Court has denied Lockhart's request for permission to appeal and the United States Supreme Court denied certiorari. In his brief, Lockhart contends as follows:

> Mr. Lockhart submits that all material aspects of the issues relative suppression were presented, however, never fully addressed by the Criminal Courts. Further, the Criminal Courts decisions were clearly in error and result in a substantial injustice in which the ALJ-Chancery Courts' should have conducted their own independent analysis of the claims. As set forth in the criminal courts, before the ALJ and as set forth in the Chancery Court, as well as, included here are the positions as to why the exclusion and/or otherwise suppression of the wiretap evidence should have been required, inclusive of that before, but not considered, by all courts.

Lockhart's disagreement with the criminal courts' decisions regarding his suppression claims does not require us to revisit legal issues already decided finally by our sister court and on which permission to appeal has been denied by our Supreme Court and the United States Supreme Court denied certiorari. The question then becomes whether the other elements of collateral estoppel are present. It is beyond dispute as already discussed that all the necessary elements of collateral estoppel are present here. We hold that the doctrine of collateral estoppel bars Lockhart from re-litigating the issue of whether the incriminating evidence used against him should have been suppressed.

Having addressed the admissibility issues, we move next to address whether the Department met its burden for forfeiture by a preponderance of the evidence. The Trial Court, in its final judgment, stated: "The petitioner does not challenge the preponderance of the evidence in the record of the criminal activity or its relationship to the property; the defense is based on his assertion that the evidence should have been excluded because it was acquired by the use of illegal wiretaps or GPS monitoring." The ALJ heard testimony from Detective Herb Kajihara of the Nashville Police Department who was assigned to Lockhart's case. Detective Kajihara testified to the drugs and

weapons found at Lockhart's residence as well as the "drug ledgers" used by Lockhart. The ALJ specifically found Kajihara to be a credible witness. As noted by the Trial Court, Lockhart did not and still has not challenged the preponderance of the evidence as found by the ALJ and Trial Court if the evidence is not excluded. As already held in this opinion, the evidence properly was not excluded. Having carefully reviewed all the evidence, we agree with the Trial Court that the Department's decision to declare Lockhart's property in question forfeited is supported not only by evidence that is both substantial and material as required by Tenn. Code Ann. § 4-5-322(h)(5)(A) but by a preponderance of the evidence. The ALJ's order, quoted above, adequately and independently fulfills the statutory directives.

The next and final issue we address is whether the Trial Court erred in declining to reverse or remand on the basis that three of Lockhart's convictions were overturned on appeal by the Tennessee Court of Criminal Appeals. In *State v. Lockhart*, the Tennessee Court of Criminal Appeals concluded that the state had failed to prove beyond a reasonable doubt that Lockhart purchased the relevant items (a Chapparal boat, a 1965 Chevy Impala, and home theatre seating) with intent to conceal the proceeds. On the other hand, this present civil action is governed by a different statute with different elements required to be proven not by a reasonable doubt standard but instead by a preponderance of the evidence standard. Tenn. Code Ann. § 53-11-451 (a)(6)(A) (2008)[2] provides that the following are subject to forfeiture:

> (6)(A) Everything of value furnished, or intended to be furnished, in exchange for a controlled substance in violation of the Tennessee Drug Control Act of 1989, compiled in part 3 of this chapter, this part and title 39, chapter 17, part 4, all proceeds traceable to the exchange, and all moneys, negotiable instruments, and securities used, or intended to be used, to facilitate any violation of the Tennessee Drug Control Act;

The evidence is not only substantial and material but supports by a preponderance of the evidence forfeiture of the property under the statute. We hold that the difference in the evidentiary standards and statutory requirements means that reversal on three money laundering counts does not serve to preclude forfeiture of Lockhart's property given the evidence contained in this record. We affirm the judgment of the Trial Court.

---

[2] In 2012, this section was amended to add "or controlled substance analogue."

-11-

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Vernon Elliott Lockhart, and his surety, if any.

_____

D. MICHAEL SWINEY, CHIEF JUDGE